```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :
            -v-                        :      16cr273 (DLC)
                                       :
EFRAIN SANCHEZ,                        :      ORDER
                                       :
                  Defendant.           :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

Efrain Sanchez has moved for compassionate release from prison. That motion is denied.

On March 29, 2017, Sanchez pleaded guilty to the lesser included offense of conspiring to distribute and possess with the intent to distribute 28 grams and more of crack cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). On July 7, Sanchez was sentenced to a below-guidelines sentence of 86 months' imprisonment. He is serving that sentence at Federal Correctional Institution Schuylkill ("FCI Schuylkill"). He is twenty-seven years old and the Bureau of Prisons ("BOP") projects that he will be released on October 31, 2021.[1]

---

[1] Sanchez's term of imprisonment may be reduced by one year if he successfully completes the Residential Drug Abuse Program in which he is now participating. His participation is scheduled to end in May 2021. Therefore, he may be released from prison before October 2021.

On June 18, 2020, Sanchez made a request of his warden for compassionate release. The warden denied his request on July 14. October 8, Sanchez, proceeding pro se, moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[2] The Government opposed Sanchez's motion on November 13. On November 20, C.J.A. counsel who had previously represented Sanchez filed a reply in further support of Sanchez's petition.

The Government does not dispute that Sanchez has exhausted his administrative remedies. Once a petitioner fulfills the statutory exhaustion requirement, a court may reduce the petitioner's sentence, if after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). As the Court of Appeals for the Second Circuit has explained, in the wake of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, district courts are tasked with "independently . . . determin[ing] what reasons, for purposes of compassionate release, are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted).

---

[2] The October 8 petition was received and docketed by this Chambers on October 16.

Sanchez has not demonstrated that extraordinary and compelling circumstances exist or that the § 3553(a) factors warrant early release.  Sanchez's petition is based principally on his history of asthma.  Although Sanchez has suffered from asthma for nearly his entire life, this condition appears to be appropriately managed at his institution.  While he has been prescribed an Albuterol inhaler, he does not indicate that he requires it daily, nor does he present other symptoms of severe asthma.  Aside from his controlled asthma, Sanchez's sentencing transcript suggests that he may have had a lung removed when he was a child.[3]  Nothing in Sanchez's petition or his medical records suggests that this condition has impaired his ability to lead a physically active life or significantly affects him today.  As of the date of this Order, FCI Schuylkill has reported that one inmate and two staff members have recently tested positive for COVID-19.  It has reported a total of six other infections since the beginning of the pandemic.  See U.S. Bureau of Prisons, Covid-19: Coronavirus (last visited December 7, 2020), https://www.bop.gov/coronavirus/.

Even if Sanchez had demonstrated extraordinary and compelling circumstances, the § 3553(a) factors weigh against

---

[3] Sanchez did not cite this condition as a basis for release in his petition.  The Government, however, addressed this condition in its response and Sanchez's reply also raised this ground.

3

release. As noted at the July 7 sentencing, Sanchez has a lengthy criminal history. Prior to this conviction, Sanchez had five arrests for similar conduct. These repeated arrests and prior incarceration did not deter Sanchez from again violating the law. In light of that history, Sanchez's conviction called for a significant prison sentence, and Sanchez's guidelines range was 97 to 121 months' imprisonment. Nevertheless, Sanchez was given a below-guidelines sentence of 86 months. As the Government points out, Sanchez has compiled a record of disciplinary infractions while serving that sentence. In short, Sanchez has not shown that the § 3553(a) factors call for a further reduction of sentence. Accordingly, it is hereby

ORDERED that the October 8 petition for compassionate release pursuant to § 3582(c)(1)(A) is denied.

SO ORDERED:

Dated:  New York, New York
        December 7, 2020

_____
DENISE COTE
United States District Judge

```
Copy mailed to:
EFRAIN SANCHEZ (77393-054)
FCI SCHUYLKILL
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 759
MINERSVILLE, PA 17954
```