```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
UNITED STATES OF AMERICA             :
                                     :
                                     :    16cr273-3 (DLC)
            -v-                      :
                                     :    MEMORANDUM OPINION
EFRAIN SANCHEZ,                      :        AND ORDER
                                     :
                        Defendant.   :
                                     :
------------------------------------ X
```

DENISE COTE, District Judge:

Efrain Sanchez has submitted a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the motion is denied.

On March 29, 2017, Sanchez entered a plea of guilty to conspiracy to possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii), 100 grams or more of heroin in violation of 21 U.S.C. § 841(b)(1)(B)(i), and 50 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(b)(1)(C). Pursuant to U.S. Sentencing Guidelines § 2D1.1(c)(5), the base level for Sanchez's offense was 30. The base level was raised by three levels for Sanchez's leadership role in the offense, and then reduced by three levels for his acceptance of responsibility, for a total offense level of 30. Combined with Sanchez's criminal history category of I, the U.S. Sentencing Guidelines

recommended a sentence of 97-121 months' imprisonment. On July 7, 2017, Sanchez was sentenced principally to a term of 86 months' imprisonment.

In 2014, the United States Sentencing Commission issued Amendment 782, reducing by two the offense levels for certain controlled-substances offenses. See U.S. Sentencing Guidelines Manual supp. to app. C, amend. 782 (U.S. Sentencing Comm'n 2016). The Sentencing Commission also issued Amendment 788, providing for the retroactive application of Amendment 782. Id. amend. 788.

On August 18, 2022, Sanchez filed a motion for reduction of sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). Sanchez requests a two-point reduction in his offense level.

18 U.S.C. § 3582(c)(2) allows a court to reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission." Sanchez was sentenced on March 29, 2017. Amendment 782 became effective on November 1, 2014. See amend. 782. Accordingly, the base offense level as reduced by Amendment 782 was applied when determining Sanchez's sentence. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (prescribing a base offense level of 30 for the distribution of between 280

and 840 grams of crack cocaine). Because the guidelines range has not "subsequently been lowered" since Sanchez was sentenced, his sentence may not be reduced pursuant to § 3582(c)(2).

## Conclusion

Sanchez's August 18, 2022 motion pursuant to § 3582(c)(2) is denied. Because Sanchez has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court shall mail a copy of this Memorandum Opinion and Order to Efrain Sanchez, Register #77393-054, FCI Ray Brook, P.O. Box 900, Ray Brook, NY 12977.

Dated:    New York, New York
          August 24, 2022

                                            _____
                                            DENISE COTE